P-Send

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No. __CR02-938 DOC__   Date __November 21, 2006__

**PRESENT:**

Hon. __DAVID O. CARTER__, Judge

| Kristee Hopkins | Debbie Gale | Stephen Wolfe; Mike Emmick |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst U.S. Attorney |
| (1) BARRY BYRON MILLS | Mark Fleming; Dean Steward, CJA | None |
| Defendant | DFPD/APPTD/RTND/ Counsel | Interpreter |

**PROCEEDINGS:   SENTENCING AND JUDGMENT**

X   Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.
☐   See below for sentence.
☐   Imprisonment for _____ years/months on each of counts _____
     Count(s) _____ concurrent/consecutive to count(s) _____
☐   Fine of $_____ is imposed on each of count(s) _____ Concurrent/Consecutive.
     ☐ Execution / Imposition of sentence as to imprisonment only suspended on count(s) _____
☐   Confined in jail-type institution for _____ to be served on consecutive days/weekends commencing _____
☐   _____ years/months Supervised Release/Probation imposed on count(s) _____ consecutive/concurrent to count(s) _____
     _____ under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
       ☐  Perform _____ hours of community service.
       ☐  Serve _____ in a CCC/CTC.
       ☐  Pay $_____ fine amounts & times determined by P/O.
☐   Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court FINDS the defendant does not have the ability to pay.
☐   Pay $_____, per count, special assessment to the United States for a total of $_____
☐   Imprisonment for _____ months/years and for a study pursuant to 18 USC _____ with results to be furnished to the Court within _____ days/months whereupon the sentence shall be subject to modification.
X   All remaining count(s)/Indictments ordered dismissed as to this defendant only.
X   Defendant advised of right to appeal.
☐   ORDER sentencing transcript for Sentencing Commission.     X   Processed statement of reasons.
☐   Bond exonerated       ☐ upon surrender       ☐ upon service of _____
☐   Execution of sentence is stayed until 12 noon, _____ at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or, if no designation made, to the U.S. Marshal.
☐   Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.
☐   Court **RECOMMENDS** that the defendant participate in the 500-Hour Drug Program within the Bureau of Prisons.
☐   Court **RECOMMENDS** that the defendant be housed in the Southern California area due to close family ties.
☐   Filed and distributed judgment. Issd JS-3.   ENTERED.

cc:   PSA; USPO; USM-SA; BOP; Fiscal

DOCKETED ON CM
NOV 2 9 2006
BY _____

:15
Deputy Clerk Initials _kh_

CR 90 (6/00)         CRIMINAL MINUTES - SENTENCING AND JUDGMENT

P-Send/Enter/JS-3

## United States District Court
## Central District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | CR02-938(E) DOC |
| Defendant  BARRY BYRON MILLS | Social Security No. __ __ __ __ | |
| akas: | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| NOV | 21 | 2006 |

| | |
|---|---|
| **COUNSEL** | [X] WITH COUNSEL    H. Dean Steward; Mark Fleming, Appointed |
| | (Name of Counsel) |
| **PLEA** | [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [X] NOT GUILTY |
| **FINDING** | There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:<br>Count 1: 18:1962(c) Racketeer Influenced and Corrupt Organizations<br>Count 2: 18 U.S.C. § 1962(d): RICO Conspiracy, Class A Felony<br>Counts 6 & 7: 18 U.S.C. § 1959(a)(1): Violent Crimes in Aid of Racketeering, Class A Felonies<br>Count 9: 18 U.S.C. § 1111: Murder |
| **JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: |

It is ordered that the defendant shall pay to the United States a special assessment of $400.00, which is due immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Barry Byron Mills, is hereby committed on Counts 1, 2, 6, 7, and 9 of the Redacted First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of life without the possibility of release.

This term consists of life on each of Counts 1, 2 and 9 and life without the possibility of release on Counts 6 and 7. The term on Counts 1 and 2 shall run concurrently to each other and consecutively to any other term. The term on Count 6 shall be consecutive to Counts 1, 2, 7, and 9. The term on Count 7 shall be consecutive to Counts 1, 2, 6 and 9. The term on Count 9 shall be consecutive to Counts 1, 2, 6 and 7. This sentence shall run consecutive to any undischarged term of imprisonment.

If released from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on each of Counts 1, 2, 6, 7, and 9, all such terms to run concurrently under the following conditions: (1) The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318; (2) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer; (3) The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision; (4) As directed by the Probation Officer, the defendant shall pay all or

part of the costs of treating the defendant's drug and/or alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer; (5) During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; (6) The defendant shall cooperate in the collection of a DNA sample from the defendant; (7) The defendant shall not associate with any member of any criminal gang or disruptive group as directed by the Probation Officer, specifically, any member of the Aryan Brotherhood; (8) The defendant shall submit person and property to search or seizure at any time of the day or night by any law enforcement officer with or without a warrant and with or without reasonable or probable cause; (9) The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapon, as defined by federal, state, or local law.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_November 28, 2006_        _David O. Carter_
Date                        David O. Carter, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                    Sherri R. Carter, Clerk

_11-28-06_              By _[signature]_
Filed Date                  Deputy Clerk

Case 2:02-cr-00938-DOC  Document 4195  Filed 11/21/06  Page 4 of 6  Page ID #:1945

USA vs. BARRY BYRON MILLS                                    Docket No.:   CR02-938(E) DOC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

Case 2:02-cr-00938-DOC  Document 4195  Filed 11/21/06  Page 5 of 6  Page ID #:1946

USA vs.  BARRY BYRON MILLS                              Docket No.:  CR02-938(E) DOC

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | |
|---|---|
| USA vs.  BARRY BYRON MILLS | Docket No.:  CR02-938(E) DOC |

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____  
Date

Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____  
Filed Date

Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
        Defendant                                    Date


_____    _____
U. S. Probation Officer/Designated Witness        Date